IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NICOLE SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF HONOLULU, ET AL.,<br><br>Defendants. | Case No. 20-cv-00495-DKW-KJM<br><br>**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |

On November 18, 2020, Plaintiff Nicole Sanders filed a complaint and an application to proceed without paying fees or costs, otherwise called an *in forma pauperis* or "IFP" application." Because the Court finds Sanders has demonstrated an inability to pay, her IFP application, Dkt. No. 3, is GRANTED. However, as Sanders fails to plead facts establishing each element of her claims, her complaint, Dkt. No 1, is DISMISSED WITH LEAVE TO AMEND.

**I.      IFP Application**

Section 1915(a)(1) permits a district court to authorize the commencement of a civil suit without prepayment of fees or security therefor by "a person who submits an affidavit that includes a statement of all assets" and that demonstrates an inability to pay. 28 U.S.C. § 1915(a)(1). That affidavit "must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787

F.3d 1226, 1234 (9th Cir. 2015) ) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).   While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a)(1).

Sanders alleges she is an unemployed substitute teacher who cares for two children, one with a disability.   Dkt. No. 3 at 1–2.   Her weekly unemployment income is $265 a week.   *Id.* at 1.   In addition to this income, she receives food stamps and her disabled son receives a $700 disability payment each month.   *Id.* It appears Sanders can just barely meet her monthly expenses on this limited income.   *Id.* at 2.   The Court finds these financial circumstances sufficiently demonstrate Sanders' inability to pay costs and fees associated with litigation in federal court.   *See* HHS Poverty Guidelines, available at: [https://aspe.hhs.gov/poverty-guidelines](https://aspe.hhs.gov/poverty-guidelines) (Sanders' income, including her son's monthly disability payment, put her under the poverty line for a three-person household in Hawaiʻi). Thus, the Court GRANTS Sanders' IFP application, Dkt. No. 3.

## II.   Complaint

The Court screens each civil action commenced pursuant to 28 U.S.C. § 1915(a)—*i.e.*, a suit commenced by a plaintiff seeking to proceed *in forma pauperis*—and can order the dismissal of any claims it finds "frivolous, malicious,

failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In conducting this screen, the Court liberally construes a pro se litigant's filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Sanders claims the Honolulu Police Department ("HPD") discriminated against her by refusing to hire her because of her sex and/or disability.[1] Dkt. No. 1 at 4; *see also id.* at 11–12. Sanders advances her claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and Hawaiʻi Employment Practices Law. Because Sanders fails to plead facts establishing each element of her claims, the Court DISMISSES her complaint, but GRANTS LEAVE TO AMEND the complaint to correct for the deficiencies discussed below.

### a. Pleading Standard

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to

---

[1] The Court notes that Sanders appears to make two distinct arguments: (1) refusal to hire based on sex or disability; and (2) disparate treatment in hiring procedures based on sex or disability. Dkt. No. 1 at 11 (alleging HPD administered an extended polygraph—longer than usual—and asked her sexually explicit questions during that examination). This Order does not foreclose Sanders from advancing either argument in an amended filing.

'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief, as required by Rule 8(a)(2). *Id.* at 679.

    **b.**    **Title VII Claim**

Title VII makes it unlawful for an employer "'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Under the *McDonnell Douglas* framework, a plaintiff establishes a prima facie case of discrimination in the form of a failure to hire by showing that (1) she belongs to a protected class; (2) she applied for and was

qualified for a job for which the employer was seeking applicants; (3) she was not hired; and (4) after her rejection, the employer continued to seek applicants with her qualifications." *Scutt v. Maui Land & Pineapple Co., Inc.*, 2020 WL 6749935, *4 (D. Haw. Nov. 12, 2020) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Sanders clearly satisfies the first and third prongs because she claims discrimination based on sex, she is a member of a protected class, and she alleges she was not hired by HPD. Dkt. No. 1 at 4, 7, 12. However, she fails to allege facts allowing the Court to reasonably infer she was qualified for the HPD position to which she was applying. Likewise, Sanders alleges no facts regarding whether HPD, after rejecting her application, continued to seek applicants with her qualifications for the same position.

In sum, Sanders has failed to allege a prima facie case of employment discrimination based on sex because she has not pled sufficient facts to establish each element of her claim. Accordingly, that claim is DISMISSED.

    **c.**    **ADA Claim**

The ADA makes it unlawful for any covered entity to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of

employment." 42 U.S.C. § 12112(a). A plaintiff establishes a prima facie ADA employment discrimination case by showing: (1) she is disabled within the meaning of the statute; (2) she is a qualified individual (that is, able to perform the essential functions of the job); and (3) she suffered an adverse employment action because of her disability. *See, e.g.*, *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001) (citations omitted).

Sanders' disability discrimination claim is based on two theories: (1) her son's disability; and (2) her own disability as a survivor of domestic abuse suffering from post-traumatic stress disorder ("PTSD"). Dkt. No. 1 at 4, 11–13. The former theory—that she was not hired because her son has a disability—is not a cognizable discrimination claim under the ADA. As detailed above, an ADA employment discrimination claim relates to adverse treatment due to the *claimant's* disability. *See Hutton*, 273 F.3d at 891–92 (in laying out the test, focusing on the disability of the claimant). Thus, any claim based on her son's disability is DISMISSED WITH PREJUDICE.

Under the second theory—that she was discriminated against because of her own disability—Sanders fails to plead sufficient factual allegations to state a claim. As to the first prong, to show a "disability" as that term is defined in the ADA, a plaintiff must show a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). Simply having a mental

health condition, like PTSD, is insufficient to prove a "disability" entitling one to the ADA's protections.² *See id.* Sanders must credibly allege facts demonstrating her PTSD "substantially limits one or more major life activities." *See Hutton*, 273 F.3d at 891.

As to the second prong, as discussed above, Sanders has not pled facts demonstrating she was qualified for the HPD position to which she was applying. In any amended pleading, Sanders is instructed to heed the definition of "qualified individual" under the ADA when pleading facts to establish this element of her claim. *See* 42 U.S.C. § 12111(8). Finally, to establish an ADA employment discrimination claim, Sanders must allege facts demonstrating she was not hired or otherwise suffered an adverse employment decision *because of* her disability. *See Hutton*, 273 F.3d at 891. Sanders pleads no facts to support such a finding. In fact, her allegations demonstrate HPD's employment decision was motivated not by her disability, but by allegations that Sanders engaged in dishonest conduct. *See* Dkt. No. 1 at 12 (stating the "sole reasons" for being denied the position was "alleged falsification of documents" and "my admission I had stolen money from my former husband").

---

²The Court notes that, while at this stage of the litigation, Sanders' mere allegation that she suffers from PTSD is sufficient to show that she, in fact, suffers from it, *proof* of this condition and how it manifests will almost certainly be required should the litigation advance past the motion to dismiss stage.

7

As with her Title VII claim, Sanders fails to state a prima facie case of ADA employment discrimination because she has not pled sufficient facts to establish each element of her claim.  Accordingly, that claim is DISMISSED.[3]

## CONCLUSION

Sanders' IFP application is GRANTED.  As Sanders has already paid the filing fee, Dkt. No. 2, the Court directs the Clerk of the Court to refund Sanders' filing fee.  Pursuant to Section 1915(e)(2)(B) of Title 28 of the United States Code, the Court DISMISSES Sanders' complaint, WITH LEAVE TO AMEND all claims, except for her ADA claim based on the theory that she was discriminated against because her son has a disability.  That claim fails as a matter of law and may not be advanced in any subsequent filings.

Sanders may have until December 11, 2020 to file an amended complaint to the extent allowed herein.  The Court cautions Sanders that failure to file an amended complaint by December 11, 2020 may result in the dismissal of this case without further notice.

---

[3] Because Sanders has not specified under which Hawaiʻi statute her state claim is brought, the Court does not address it.  That does not mean it is foreclosed, but Sanders will have to more clearly plead it in any amended filing to advance such a claim.  *See* Fed. R. Civ. P. 8.

IT IS SO ORDERED.

Dated: November 24, 2020 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*Nicole Sanders v. City and County of Honolulu, et al.*, Civil No. 20-00495-DKW-RT; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND.**