IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NICOLE SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF HONOLULU, *et al.*,<br><br>Defendants. | Case No. 20-cv-00495-DKW-KJM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PARTIAL LEAVE TO AMEND** |

Before the Court is Defendant City and County of Honolulu's motion to dismiss Plaintiff Nicole Sanders' first amended complaint ("FAC"). Honolulu argues Sanders has failed to file an operative complaint because her FAC is merely a supplement to her original complaint, which the Court previously dismissed. The Court agrees, and, for the reasons explained below, Honolulu's motion to dismiss is GRANTED. However, because the Court finds that, read together, Sanders' original complaint and the FAC state a cognizable claim, the Court GRANTS Sanders PARTIAL LEAVE TO AMEND to file a comprehensive operative pleading.

## **RELEANT BACKGROUND**

In Sanders' original complaint, she claimed the Honolulu Police Department ("HPD") discriminated against her by refusing to hire her because of her sex and/or disability.[1] Dkt. No. 1 at 4; *see also id.* at 11–12. She advanced her claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and Hawai'i Employment Practices Law. In granting Sanders' application to proceed *in forma pauperis*, the Court screened her original complaint and dismissed it for failure to plead sufficient facts to establish a claim under those statutes. Dkt. No. 6. The Court explained the deficiencies in her pleading and granted leave to amend. *Id.*

Sanders filed her FAC on December 7, 2020. Dkt. No. 7. She appears to be attempting to incorporate her original complaint into her FAC as well as supplement the original complaint with additional facts. *Id.* at 1 ("here I will submit *additional* facts" (emphasis added)). On March 15, 2021, Honolulu filed a motion to dismiss the case against it because the FAC fails to stand alone as an operative complaint. Dkt. No. 16. Sanders has failed to respond to that motion within the time allotted or thereafter. This order follows.

---

[1] As the Court has previously noted, "Sanders appears to make two distinct arguments: (1) refusal to hire based on sex or disability; and (2) disparate treatment in hiring procedures based on sex or disability. Dkt. No. 1 at 11 (alleging HPD administered an extended polygraph—longer than usual—and asked her sexually explicit questions during that examination)." Dkt. No. 6 at 3 n.1. She is still free to advance either or both theories as the basis of her sex discrimination claim.

## LEGAL STANDARD

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief, as required by Rule 8(a)(2). *Id.* at 679.

## DISCUSSION

Honolulu seeks dismissal of HPD as a Defendant because it is redundant to advance claims against both the City and HPD. Dkt. No. 16-1 at 2–3. Honolulu further argues that Sanders has failed to file an operative complaint because her

FAC is merely a supplement to her original complaint, which the Court previously dismissed. *Id.* at 5–6; *see also* Dkt. No. 6 (order dismissing original complaint). The Court agrees as to both arguments. Accordingly, HPD is DISMISSED as a defendant, and the FAC is DISMISSED in its entirety. However, as explained below, because her original complaint and the FAC, read together, evidence a cognizable Title VII claim, the Court grants Sanders LEAVE TO AMEND to advance only that claim.

**I.     Honolulu Police Department**

Honolulu argues that the HPD should be dismissed because it is "not [an] independent legal entit[y] from the City," and is thus a redundant defendant. Dkt. No. 16-1 at 2–3. The Court agrees. *See Browne v. City & Cty. of Honolulu*, Civil No. 19-00460-DKW-KJM, 2019 WL 5088737, at *3 (D. Haw. Oct. 10, 2019). Accordingly, all claims against HPD are DISMISSED WITH PREJUDICE.[2]

**II.    Americans with Disabilities Act Claim**

A plaintiff establishes a prima facie ADA employment discrimination case by showing: (1) she is disabled within the meaning of the statute; (2) she is a qualified individual (that is, able to perform the essential functions of the job); and (3) she suffered an adverse employment action because of her disability. *See, e.g.*,

---

[2] Honolulu also argues that HPD was not properly served. Dkt. No. 16-1 at 3–5. Because HPD is dismissed as a redundant defendant, the Court need not address this argument.

*Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001) (citations omitted). As the Court has explained, Sanders's original complaint:

> [F]ail[ed] to plead sufficient factual allegations to state a[n ADA] claim. As to the first prong, to show a "disability" as that term is defined in the ADA, a plaintiff must show a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). Simply having a mental health condition, like PTSD, is insufficient to prove a "disability" entitling one to the ADA's protections. *See id.* Sanders must credibly allege facts demonstrating her PTSD "substantially limits one or more major life activities." *See Hutton*, 273 F.3d at 891.
>
> As to the second prong . . . Sanders has not pled facts demonstrating she was qualified for the HPD position to which she was applying. In any amended pleading, Sanders is instructed to heed the definition of "qualified individual" under the ADA when pleading facts to establish this element of her claim. *See* 42 U.S.C. § 12111(8).
>
> Finally, to establish an ADA employment discrimination claim, Sanders must allege facts demonstrating she was not hired or otherwise suffered an adverse employment decision *because of* her disability. *See Hutton*, 273 F.3d at 891. Sanders pleads no facts to support such a finding.

Dkt. No. 6 at 6–7. The Court granted Sanders leave to amend to address these deficiencies. *Id.* at 8. She has failed to do so.

In her FAC, Sanders does not address *her own* disability; rather, she reiterates a theory of liability this Court has foreclosed. Dkt. No. 7 at 2. The Court explained to Sanders that she cannot plead an ADA claim based on her son's disability. Dkt. No. 6 at 6 ("that she was not hired because her son has a disability is not a cognizable discrimination claim under the ADA"). Nonetheless, in the

FAC, that is precisely what she attempts to do: "I claim my son's disability led to discrimination, and that said disability was effectively used against me throughout the interview process via the questioning and methodology provided by the HPD interviewer." Dkt. No. 7 at 2. Because Sanders has failed to plead facts showing *she* is disabled,[3] as that term is defined in the ADA, and that she was discriminated against because of *her* disability, her ADA claims against Honolulu are DISMISSED WITH PREJUDICE.

## III. Title VII Claim

A "plaintiff establishes a prima facie case of discrimination in the form of a failure to hire by showing that (1) she belongs to a protected class; (2) she applied for and was qualified for a job for which the employer was seeking applicants; (3) she was not hired; and (4) after her rejection, the employer continued to seek applicants with her qualifications." *Scutt v. Maui Land & Pineapple Co., Inc.*, 2020 WL 6749935, *4 (D. Haw. Nov. 12, 2020) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). As the Court explained:

> Sanders['s original complaint] clearly satisfie[d] the first and third prongs because she claim[ed] discrimination based on sex, she is a member of a protected class, and she alleg[ed] she was not hired by HPD. Dkt. No. 1 at 4, 7, 12. However, she fail[ed] to allege facts allowing the Court to reasonably infer she was qualified for the HPD position to which she was applying. Likewise, Sanders [has]

---

[3]In fact, Sanders pleads quite the opposite, presenting herself as both physically fit (a "top-tier athlete" who exercises nearly seven days a week) and mentally astute (achieving high GPAs and excelling ahead of her classmates in pursuit of several advanced degrees). *See* Dkt. No. 7 at 1.

> alleg[ed] no facts regarding whether HPD, after rejecting her application, continued to seek applicants with her qualifications for the same position.

Dkt. No. 6 at 5. The Court granted Sanders leave to amend to address these deficiencies. *Id.* at 8. In the FAC, Sanders, indeed, demonstrates she was qualified for the position and claims HPD sought applicants with her qualifications after it refused to hire her.

> Sanders claims:
>
> I managed to achieve success throughout each step of the selection process. I was found as qualified as many other male and female applicants. I have a degree in Forensic Psychology[,] . . . earned a high GPA while attending John Jay College of Criminal Justice of the City University of New York[,] . . . [and] have a bachelor's degree in Jurisprudence . . . . I passed the physical examination and related selection tests with exceptional scores.

Dkt. No. 7 at 1. She bolsters these claims with more specific factual allegations laid out in a letter to HPD, *id.* at 6, and in copies of transcripts and other documents proving her various educational attainments, *id.* at 8–18. In construing Sanders' FAC liberally, as this Court must do, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court finds Sanders has, at this stage of the litigation, proffered sufficient factual allegations demonstrating fitness for the HPD role to which she applied.

7

Sanders has also sufficiently alleged that HPD sought applicants just as or less qualified than her after it denied her employment. Dkt. No. 7 at 1 ("the HPD continues now to seek applicants just as or less qualified than myself"). Though Sanders' allegation is somewhat conclusory, the Court finds it sufficient at this stage of the litigation. At the pleadings stage, it is hardly reasonable to expect Sanders to know the number of individuals interviewed, hired, or rejected from a position such as that to which Sanders applied. Nor would it be reasonable to expect Sanders to have the names and hiring dates of individuals hired to that position. Therefore, the Court finds that Sanders has sufficiently alleged that HPD, after rejecting Sanders, sought applicants with the same qualifications as Sanders for the same position to which she applied.

That said, the Court agrees with Honolulu that the FAC does not stand alone as an operative complaint. *See* Dkt. No. 16-1 at 5–6. Sanders is attempting to *supplement* her original complaint. *See* Dkt. No. 7 at 1. This she cannot do. *See Choi v. Consulate Gen. of Japan*, 2018 WL 2224238, at *1 (D. Haw. May 15, 2018) ("any Amended Complaint must be complete in itself and not simply incorporate by reference anything previously filed with the court"). However, as explained above, the Court finds Sanders can state a cognizable Title VII claim based on the factual allegations in her original

complaint *and* the FAC.  For that reason, the DISMISSAL of her Title VII claim is WITHOUT PREJUDICE and WITH LEAVE TO AMEND.

## CONCLUSION

Honolulu's motion to dismiss, Dkt. No. 16, is GRANTED.  All claims against HPD are DISMISSED WITH PREJUDICE.  All ADA claims are likewise DISMISSED WITH PREJUDICE.  Sanders is granted LEAVE TO AMEND to advance only her Title VII claim.  The Court instructs Sanders to ensure that any amended pleading she submits in response to this order can stand alone.  That is, she may not incorporate by reference her original complaint or the FAC.  She must, instead, combine the factual allegations and attachments in each into a single new, comprehensive filing.  To be clear, Sanders is to treat the original complaint and the FAC as if they do not exist for purposes of this litigation.  If she wants to rely on a factual allegation or document, she must include it in any amended complaint she submits.

Sanders may have until May 3, 2021 to file an amended complaint to the extent allowed herein.  The Court cautions Sanders that failure to file an amended

complaint by May 3, 2021 may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

Dated: April 12, 2021 at Honolulu, Hawai'i.

_____
Derrick K. Watson
United States District Judge

---

*Sanders v. City and County of Honolulu, et al.*, Civil No. 20-00495-DKW-RT; **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PARTIAL LEAVE TO AMEND**