IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

NICOLE SANDERS,

      Plaintiff,

    v.

CITY AND COUNTY OF
HONOLULU, *et al*.,

      Defendants.

Case No. 20-cv-00495-DKW-KJM

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS WITH PARTIAL LEAVE
TO AMEND**

Before the Court is Defendant City and County of Honolulu's motion to dismiss Plaintiff Nicole Sanders' Second Amended Complaint ("SAC"). Honolulu argues that Sanders has, for the third time, failed to state a cognizable claim because the facts alleged fail to satisfy each element of her claims of a hostile work environment and sex-based discrimination in hiring. The Court agrees, and, for the reasons explained below, Honolulu's motion is GRANTED. Sanders' SAC, Dkt. No. 25, is DISMISSED WITH PARTIAL LEAVE TO AMEND.

## RELEVANT BACKGROUND

On November 18, 2020, Sanders filed her original complaint, which alleged the Honolulu Police Department ("HPD") discriminated against her by refusing to hire her because of her sex and/or disability. Dkt. No. 1 at 4; *see also id.* at 11-12.

The Court dismissed the complaint for failure to plead sufficient facts to establish each element of her claims but explained the complaint's deficiencies and granted leave to amend.  Dkt. No 6.

Sanders filed her First Amended Complaint ("FAC") on December 7, 2020. Dkt. No. 7.  Honolulu quickly moved to dismiss it.  Dkt. No. 16.  Noting that Sanders "appear[ed] to be attempting to incorporate her original complaint into her FAC," the Court dismissed the FAC because it did not, standing alone, state a cognizable claim.  Dkt. No. 21.  However, the Court found Sanders could state a cognizable Title VII failure to hire claim if the factual allegations in her original complaint and FAC were combined.  As a result, the Court granted Sanders leave to amend to advance *only* that claim.  *Id.* at 4, 8–9.  Sanders was, at the same time, instructed to "combine the factual allegations and attachments" of her original complaint and the FAC "into a single new, comprehensive filing."  *Id.* at 9.

On April 29, 2021, Sanders filed her SAC.  Dkt. No. 25.  Contrary to the Court's instructions, Sanders has not combined the factual allegations and attachments of her original complaint and the FAC into a comprehensive filing. *See id.*  Instead, it appears the SAC attempts to state only a Title VII hostile work environment claim.[1]  *Id.*  On May 14, 2021, Honolulu filed a motion to dismiss the SAC, arguing it fails to allege sufficient facts to state a cognizable hostile work

---

[1]The SAC raises this claim for the first time.  *Compare* Dkt. No. 25 *with* Dkt. Nos. 1, 7.

environment or failure to hire claim.  Dkt. No. 27.  On July 20, 2021, Sanders filed a response, Dkt. No. 30, to which Honolulu replied on July 22, 2021, Dkt. No. 32. This order follows.

## LEGAL STANDARD

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief, as required by Rule 8(a)(2).  *Id.* at 679.

## DISCUSSION

Honolulu argues that Sanders (1) fails to state a hostile work environment claim because HPD was not her employer; and (2) fails to allege sufficient facts to establish all elements of a failure to hire claim.  Dkt. No. 27-1 at 5–7.  The Court agrees as to both arguments.  Accordingly, the SAC is DISMISSED.  Because, as the Court has previously explained, Dkt. No. 21 at 8–9, Sanders has, across various filings, alleged sufficient facts to state a prima facie failure to hire claim, the Court will give her, in her pro se status, **one last chance to combine her factual allegations into a single operative complaint**.  Thus, dismissal is WITHOUT PREJUDICE and with limited LEAVE TO AMEND.

## I.  Hostile Work Environment Claim

"An employer is liable under Title VII for conduct giving rise to a hostile environment where the employee proves (1) that he was subjected to verbal or physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109–10 (9th Cir. 2000) (citation and quotation marks omitted).

"[A] hostile work environment claim does not lie where the plaintiff is an applicant but not an employee."  *Wassman v. City of Dana Point*, 2018 WL

5906346, at *6 (C.D. Cal. July 2, 2018).  This is so because a non-employee "will not, as a matter of law, be able to show that any alleged harassment altered the conditions of her *employment*." *Id.* (emphasis added); *see also* 42 U.S.C. § 2000e(f) (defining "employee" as "an individual employed by an employer").

Because it is undisputed that Sanders was never an *employee* of HPD—and HPD likewise was not her *employer*—her hostile work environment claim fails as a matter of law.  Accordingly, that claim is DISMISSED WITH PREJUDICE and may not be reasserted in any forthcoming amendment.

## II.    <u>Failure to Hire Claim</u>

A "plaintiff establishes a prima facie case of discrimination in the form of a failure to hire by showing that (1) she belongs to a protected class; (2) she applied for and was qualified for a job for which the employer was seeking applicants; (3) she was not hired; and (4) after her rejection, the employer continued to seek applicants with her qualifications." *Scutt v. Maui Land & Pineapple Co., Inc.*, 2020 WL 6749935, *4 (D. Haw. Nov. 12, 2020) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

In her original complaint, Sanders clearly satisfied the first and third elements but failed to plead facts establishing the second and fourth.  Dkt. No. 6 at 5.  In her FAC, Sanders remedied what the original complaint lacked with regard to the second and fourth elements.  Dkt. No. 21 at 7.  However, that filing also

omitted certain factual allegations from the original complaint and, standing alone, still failed to satisfy one or more of the other claim elements. *See id.*

In the SAC, Sanders again pleads sufficient facts to satisfy the first and third elements but not the second and fourth . *See* Dkt. No. 25. **In short, Sanders has never filed a pleading that, standing alone, alleges facts establishing all four elements of her claim**. She simply keeps filing "amended complaints" that satisfy some elements, but not others. She appears to believe that she can rely on her previous filings (*i.e.*, that the Court considers all of her filings together). *See* Dkt. No. 30 at 4 (claiming she is asserting something "again for the record"). As the Court has stated in no uncertain terms, that is not the case; an "amended complaint" must stand on its own, without reference or reliance upon previous filings. *See* Dkt. No. 21 at 9. If she wants to rely on a fact, Sanders must state it in the amended complaint, not assume that fact is "in the record" because she has stated it in an earlier filing.[2] *See id.*

Thus, as Honolulu correctly points out, Dkt. No. 27-1 at 6–7, the SAC fails, in particular, to allege facts demonstrating Sanders was qualified for the position to

---

[2]While it may seem counterintuitive that a litigant cannot simply assume the Court and parties are aware of facts stated in previous filings, it is an important procedural rule. To ensure that a party is on notice of the facts alleged and claims against it, there must be a single, operative complaint—that is, a single filing containing all factual allegations and claims against the defendant. If factual allegations and claims are spread across several versions of a complaint, the defendant is not on notice of the plaintiff's claims and underlying factual allegations, nor is a defendant aware of what a plaintiff is no longer claiming.

which she applied or that HPD sought applicants with Sanders' qualifications after

HPD refused to hire her.  *See* Dkt. No. 25.  Accordingly, this claim is

DISMISSED.[3]

## CONCLUSION

Honolulu's motion to dismiss, Dkt. No. 27, is GRANTED.  Sanders' SAC,

Dkt. No.25, is HEREBY DISMISSED.  Her hostile work environment claim is

DISMISSED WITH PREJUDICE and may not appear in any subsequent filing.

Her failure to hire claim is DISMISSED WITH PARTIAL LEAVE TO AMEND.

The Court cautions Sanders that **this is her last chance to file an amended**

**complaint**.  Failure to follow the Court's instructions and/or to state a claim in a

subsequent pleading will result in final dismissal of this action.

To be as clear as possible, **there are four elements that must be**

**sufficiently pled to state the claim Sanders asserts**—*i.e.*, that HPD's failure to

hire her was the result of sex-based discrimination.  The Court instructs Sanders

that, under a document titled "Third Amended Complaint," she must allege facts

showing: (1) she belongs to a protected class; (2) she applied and was qualified for

---

[3]Honolulu's argument that the failure to hire claim should be dismissed because it had a bona fide non-discriminatory reason for not hiring Sanders is unavailing at this stage of the litigation. *See* Dkt. No. 27-1 at 7 n.4; Dkt. No. 32 at 2–3.  While Honolulu claims Sanders' admission to "falsif[ying] a document" disqualified her, *see* Dkt. No. 32 at 2–3, such argument is devoid of context.  There is no evidence in the record pertaining to when HPD became aware of this fact. Moreover, there is no evidence—such as a declaration from someone in charge of hiring at HPD—regarding how such a fact bears on HPD hiring decisions generally or how (or if) it affected HPD's decision not to hire Sanders.

an HPD position for which HPD was seeking applicants; (3) she was not hired; and

(4) HPD sought applicants with her qualifications after refusing to hire her.  She is

instructed not to rely on or incorporate any of her previous filings in this case.  As

the Court previously stated, Dkt. No. 21 at 9, combining the factual allegations in

the original complaint and the FAC into a single document would suffice to state a

*prima facie* claim.

Because the Court has already provided Sanders two opportunities to amend

her complaint, **she may have only until <u>August 13, 2021</u> to file an amended**

**complaint in compliance with this order.  Failure to comply with this deadline**

**will result in sua sponte dismissal of this action.**

IT IS SO ORDERED.

Dated: August 3, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Sanders v. City and County of Honolulu, et al.*; Civil No. 20-00495-DKW-KJM;
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH**
**PARTIAL LEAVE TO AMEND**